NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1443

REVOLUTION EYEWEAR, INC.

Plaintiff/Counterclaim Defendant-
Appellant,

v.

ASPEX EYEWEAR, INC. and THIERY IFERGAN,

Defendants/Counterclaimants-
Appellees,

and

MANHATTAN DESIGN STUDIO, INC., CONTOUR OPTIK, INC.,
and ASAHI OPTICAL CO. LTD.,

Counterclaimants-Appellees.

Appeal from the United States District Court for the Central District of California in case
no. 02-CV-01087, Judge Virginia A. Phillips.

Before PROST, Circuit Judge.

ORDER

Upon review of Revolution Eyewear, Inc.'s recently docketed appeal, the court considers whether Revolution should be directed to show cause why its appeal should not be dismissed.

Revolution brought a patent infringement suit against Aspex, and Aspex counterclaimed for infringement of its patent for magnetic eyewear. The district court found that Revolution infringed claim 22 of Aspex's patent and entered judgment awarding $4,193,567 in damages to Aspex. Revolution appealed, and this court affirmed. Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 563 F.3d 1358 (Fed. Cir. 2009). While the appeal was pending, Revolution sought reexamination of claim 22. On May 28, 2009, the United States Patent and Trademark Office (PTO) granted Revolution's request for ex parte reexamination of claim 22. Revolution filed a motion in the district court seeking a stay of execution of the judgment pending the PTO's reexamination proceedings. The district court denied the motion, and Revolution appealed.

This court's jurisdiction in cases arising under the patent laws is limited to review of final decisions, 28 U.S.C. § 1295 (a)(1), and orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, 28 U.S.C. § 1292(c)(1). In Shiley, Inc. v. Bentley Labs, Inc., 782 F.2d 992 (Fed. Cir 1986), this court determined that a denial of a stay of an injunction is not a final decision within the meaning of 28 U.S.C. § 1295 (a)(1) or within this court's jurisdiction under 28 U.S.C. § 1292(c)(1). Thus, we determined that we lack jurisdiction to review appeals of orders denying stays of injunctions. Based on this court's decision in Shiley, it appears that we may lack jurisdiction over Revolution's appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)    Revolution is directed to show cause within 14 days of the date of filing of this order why its appeal should not be dismissed.  Aspex may also respond within that time.

(2)    The briefing schedule is stayed.

FOR THE COURT

SEP - 1 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    R. Joseph Trojan, Esq.
       Michael Nicodema, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 1 2009

JAN HORBALY
CLERK

s17